IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *CORTILIUS GAMBLE*, | ) |
|     Plaintiff, | ) |
| | ) |
| *v.* | ) |
| | ) |
| *MOUNTAIN RUN SOLUTIONS, L.L.C.*, | ) |
|     Defendant. | ) |

## COMPLAINT

Plaintiff Cortilius Gamble, by his counsel, Paúl Camarena, respectfully complains as follows:

## Introduction.

1) The Fair Debt Collection Practices Act prohibits a debt collector to communicate with a consumer at a time that the debt collector knows would be inconvenient to the consumer. In the case at bar, Debt Collector-Defendant Mountain Run Solutions L.L.C. has insisted on continuing to speak with Mr. Cortilius Gamble even after Mr. Gamble advised the Defendant that he was working and could not speak. Thus, Defendant Mountain Run Solutions LLC violated the FDCPA.

## Jurisdiction and Venue.

2) Pursuant to 28 U.S.C. § 1331, United States District Courts have jurisdiction over this civil action because this action arises under the laws of the United States. Pursuant to 28 U.S.C. § 1391(b)(2), the Northern District of Illinois, Eastern Division, is the proper venue because a substantial part of the events or omissions giving rise to this action occurred in the Northern District of Illinois, Eastern Division.

**Parties.**

3) Plaintiff Cortilius Gamble is a "consumer" as that term is defined in the FDCPA, at 15 U.S.C. § 1692a(3); and Mr. Cortilius Gamble resides within the Eastern Division.

4) Defendant Mountain Run Solutions LLC is a "debt collector" as that term is defined in the FDCPA, at 15 U.S.C. § 1692a(6). Defendant Mountain Run Solutions LLC is also a Limited Liability Company organized in the State of Utah and authorized to transact business in Illinois.

**Factual Allegations.**

5) Like millions of other Americans, Mr. Cortilius Gamble has incurred significant consumer debts, he has struggled to service all of his consumer debts, and he eventually became delinquent with respect to some consumer debts, including a consumer debt to Vivint® Home Security.

6) Debt Collector-Defendant Mountain Run Solutions LLC has been attempting to collect on Mr. Gamble's delinquent consumer debt for the Vivint® Home account.

7) On several occasions, Defendant Mountain Run Solutions placed telephone calls to Mr. Gamble and Mr. Gamble advised the Defendant that, because he was at his place of employment, he could not speak.

8) Nevertheless, the Defendant Mountain Run insisted on continuing to speak to Mr. Gamble and the Defendant continued to encourage Mr. Gamble to pay on the Vivint® account.

9) On at least one occasion when Defendant Mountain Run placed a telephone call to Mr. Gamble while Mr. Gamble was at his employment, Mr. Gamble spoke briefly with the Defendant and, because Mr. Gamble was at his employment, he abruptly disconnected the call.

10) Nevertheless, the Defendant Mountain Run immediately called back Mr. Gamble and caused the Defendant's identity to appear on Mr. Gamble's caller ID system.

11) Defendant Mountain Run's continuing to communicate with Mr. Gamble at his employment and the Defendant's telephone call back to Mr. Gamble caused him to suffer stress, which physically manifested into, *inter alia*, having difficulty sleeping.

### Causes of Action.

#### Count One    (15 U.S.C. § 1692c(a)(1))

12) The Fair Debt Collection Practices Act, at 15 U.S.C. § 1692c(a)(1), states that "a debt collector may not communicate with a consumer … at … a time or place known or which should be known to be inconvenient to the consumer."

13) Defendant Mountain Run violated Subsection 1692c(a)(1) by continuing to communicate with Mr. Gamble even after Mr. Gamble advised the Defendant that he was at his employment and could not speak.

#### Count Two    (15 U.S.C. § 1692d(5)).

14) The Fair Debt Collection Practices Act, in 15 U.S.C. § 1692d, provides that a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse." Subsection 1692d(5) specifically prohibits "[c]ausing a telephone to ring … repeatedly or continuously with intent to annoy, abuse, or harass."

15) Defendant Mountain Run violated Subsection 1692d(5) by causing Mr. Gamble's telephone to ring repeatedly immediately after Mr. Gamble abruptly disconnected the Defendant's prior call to him.

#### Count Three    (15 U.S.C. § 1692d(5)).

16) The Fair Debt Collection Practices Act, in 15 U.S.C. § 1692d, provides that a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse." Subsection 1692d(5) specifically prohibits "engaging any person in telephone

conversation repeatedly or continuously with intent to annoy, abuse, or harass."

17) Defendant Mountain Run violated Subsection 1692d(5) by continuing to engage Mr. Gamble in telephone conversation continuously even after Mr. Gamble advised the Defendant that he was at his employment and could not speak.

## **Prayer for Relief.**

WHEREFORE, Cortilius Gamble respectfully requests that this Honorable Court hold a trial by jury and that this Court enter judgment in his favor (and against Defendant Mountain Run) for his actual and statutory damages, including reasonable costs and attorney's fees, pursuant to 15 U.S.C. § 1692k.

Respectfully submitted,
Plaintiff Cortilius Gamble's Counsel
North & Sedgwick, L.L.C.
by:  */s/ Paúl Camarena*
Paúl Camarena, Esq.
500 So. Clinton, No. 132
Chicago, IL 60607
(312) 493-7494
paulcamarena@paulcamarena.com